U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED  SEP 2 8 2001

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | Criminal Action |
| | * | No. 98-207 |
| Plaintiff, | * | |
| | * | Section "N" |
| v. | * | |
| | * | New Orleans, Louisiana |
| TREVOR WILLIAMS, | * | August 15, 2001 |
| | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * *

SENTENCING
BEFORE THE HONORABLE EDITH BROWN CLEMENT,
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:   United States Attorney's Office
                      By:  MAURICE LANDRIEU, ESQ.
                      By:  ROBERT BOITMANN, ESQ.
                      Hale Boggs Federal Building
                      501 Magazine Street, Suite 210
                      New Orleans, Louisiana 70130

For the Defendant:    Liskow & Lewis
                      By:  MICHAEL D. RUBENSTEIN, ESQ.
                      One Shell Square
                      701 Poydras Street, Suite 5000
                      New Orleans, Louisiana 70139-5099

Court Audio Operator: Diane Malouse

Transcriptionist:     Dorothy Bourgeois

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

2

1        P R O C E E D I N G S

2             (Wednesday, August 15, 2001)

3             (Call to Order of the Court)

4        THE COURT: Good afternoon. Be seated, please.

5        THE CLERK: Criminal Docket 98-207, <u>United States</u> v

6   <u>Trevor Williams</u>.

7        MR. RUBENSTEIN: Good afternoon, Your Honor. Michael

8   Rubenstein for Trevor Williams.

9        MR. LANDRIEU: Good afternoon, Your Honor. Maurice

10  Landrieu and Bob Boitmann on behalf of the United States.

11       THE COURT: State your name, please.

12       DEFENDANT WILLIAMS: Trevor Williams.

13       THE COURT: All right. This matter is before the

14  Court for sentencing. Is there any reason why sentence should

15  not be imposed at this time?

16       MR. LANDRIEU: None by the Government, Your Honor.

17       MR. RUBENSTEIN: None by the Defense, Your Honor.

18       THE COURT: All right. Let me ask the Government if

19  in the agreement worked out with Mr. Williams and his lawyer,

20  was the fugitive status discussed and resolved?

21       MR. LANDRIEU: I'm not sure what that issue is, Your

22  Honor. The fugitive status of?

23       THE COURT: Mr. Williams for the timeframe when he

24  was a fugitive, is that left open or has that been resolved?

25  Or was that never charged?

1          MR. LANDRIEU:  It was never charged.

2          THE COURT:  Okay.

3          MR. LANDRIEU:  Never charged.

4          THE COURT:  All right.  So, that's not going to be an
5  issue.

6          MR. LANDRIEU:  That's correct.

7          THE COURT:  Okay.  Is there any reason why sentence
8  should not be imposed at this time?

9          MR. RUBENSTEIN:  No, Your Honor.

10          THE COURT:  All right.  Do you have anything to say
11  before sentence is imposed, Mr. Williams?

12          DEFENDANT WILLIAMS:  No.  No, Your Honor.

13          THE COURT:  All right.  The Court adopts the
14  Probation Officer's non-disputed recommended findings of fact
15  as to which there is no objection, and as to the controverted
16  findings, resolves the dispute as follows.  With respect to
17  Paragraph 128, the Defendant has objected stating that the
18  report states that the Defendant deserves to be separated from
19  his co-defendants while imprisoned.  But, the Defendant said
20  that the statement was misconstrued and he does not wish to be
21  separated from the co-defendants throughout his imprisonment;
22  is that correct?

23          DEFENDANT WILLIAMS:  Yes, Your Honor.  Throughout my
24  entire -- right now I'd just rather be alone, just do my time.
25  That's correct, Your Honor.

                                                                4

1           THE COURT: All right, I -- I think there was an
2  issue, a potential issue as to whether or not you needed to be
3  separated from the co-defendants in this original trial. Is
4  that no longer a concern -- I mean I'm sure the Department of
5  Justice is going to do what they have to do, but I thought
6  that was something you were concerned about.
7           DEFENDANT WILLIAMS: No, I'm not concerned about it,
8  Your Honor.
9           THE COURT: All right. I understand you do have a
10 concern, though, with respect to some problems that arose with
11 Mr. Sidney Joseph?
12          DEFENDANT WILLIAMS: Okay, Your Honor, I didn't never
13 have any problems with him, but if he wanted to be separated
14 from me, that's on -- on whatever he wanted to do, but I don't
15 have any problem with him.
16          THE COURT: Mr. Rubenstein, are you familiar with
17 this problem?
18          MR. RUBENSTEIN: Your Honor, during the Pre-Sentence
19 Investigation it was -- interview it was mentioned, but we did
20 not go into it in any -- any detail and Mr. Williams has
21 advised me that at this time he doesn't have a preference
22 either way.
23          THE COURT: All right. So, there's -- this is not a
24 concern.
25          MR. RUBENSTEIN: No, Your Honor.

1           THE COURT:  All right.  Now, the Sentencing Guideline
2  sets forth 188 to 235 months imprisonment.  However, pursuant
3  to Rule 11(e)(1)(c) of the Federal Rules of Criminal
4  Procedure, the parties -- that's the Government, Mr. Williams,
5  and his lawyer, have stipulated to a sentence of 25 years.
6  Accordingly, the Court orders that the sentence of 25 years
7  should be imposed regardless of the sentence in the
8  Guidelines.
9           Accordingly, pursuant to the Sentencing Reform Act of
10 1984, it is the judgment of the Court that this Defendant,
11 Trevor Williams, is hereby committed to the custody of the
12 Bureau of Prisons to be imprisoned for a term 240 months as to
13 Count 1 and a term of 60 months as to Count 2, to be served
14 consecutively.
15          Now, this sentence imposed in Count 1 represents and
16 five month upward departure from the Sentencing Guideline
17 range and is imposed because the Court finds that the
18 guidelines do not take into account the particularly serious
19 nature of the offense.
20          All right, does anyone have any comments as to that
21 issue?
22          MR. LANDRIEU:  No, ma'am.
23          MR. RUBENSTEIN:  No, Your Honor.
24          THE COURT:  Mr. Rubenstein?
25          Because the minimum and maximum of the guideline

6

1  sentencing range exceed 24 months, the Court is to state the
2  reason for imposing the sentence in a particular range.  The
3  240 month term is based on the plea agreement entered into
4  between the parties and the fact that the offense was
5  committed in order to conceal another murder.
6        It's further ordered that this Defendant shall pay to
7  the United States a fine of $20,000.  This fine includes the
8  cost of confinement.  The payment of the fine shall begin
9  while the Defendant is incarcerated.  Upon release, any unpaid
10 balance shall be paid at a rate of $200 per month.
11       It is further ordered that this Defendant shall pay
12 restitution to Leshara El-Amin in the amount of $43,000.  This
13 amount shall be paid in full to the victim within 30 days of
14 the imposition of this sentence and shall be paid from funds
15 seized from the Defendant which are now in the possession of
16 the Bureau of Alcohol, Tobacco and Firearms.  And I've signed
17 an order to that effect.
18       Upon release from imprisonment, this Defendant shall
19 be placed on supervised release for a term of three years.
20 The term consists of terms of three years on each of Counts 1
21 and 2, all such terms to run concurrently.  Within 72 hours of
22 release from the custody of the Bureau of Prisons, this
23 Defendant shall report in person to the Probation Office in
24 the District to which the Defendant is released.
25       Now, let me ask all criminal defendants in court

1  awaiting sentencing to listen to the definition of supervised
2  release, because some day it may apply to you.
3       Supervised release is the period following release
4  from prison during which your conduct will be monitored by the
5  Court or the Court's designee. If you are found to have
6  violated a condition of your supervised release, the Court
7  could revoke the supervised release and order you to serve in
8  prison all or a part of the term of supervised release.
9       If the Court finds during your term of supervised
10 release you've been in possession of a controlled substance,
11 your supervised release will be terminated and you will be
12 required to serve a term in prison.
13      While on supervised release the Defendant shall
14 comply with the mandatory and standard conditions adopted by
15 the Court and shall not possess a firearm.
16      The following special conditions are imposed: The
17 financial disclosure condition; the orientation and life
18 skills condition; the drug abuse treatment and/or testing
19 condition; the mental health treatment condition. The
20 Defendant shall obtain his GED while incarcerated and this
21 Defendant is to pay a special assessment of $200 to the United
22 States, which is due immediately.
23      All right, this Defendant is remanded to the custody
24 of the Marshal.
25      MR. LANDRIEU: Your Honor, I have one question on the

```
 1   practical matter concerning the restitution to Leshara El-
 2   Amin.  Should the ATF Agents have that money delivered
 3   straight to Leshara El-Amin, or should it go through the
 4   Registry of the Court and then from the Registry of the Court
 5   to Ms. El-Amin.  We can do whatever is most convenient for --
 6           THE COURT:  I don't think it's necessary to put it in
 7   the Registry of the Court.  You'd want to get a satisfaction
 8   of docket from them --
 9           MR. LANDRIEU:  Okay.  We can go ahead and do that.
10           THE COURT:  -- to show that the order was -- was
11   satisfied.
12           MR. LANDRIEU:  Okay.
13           THE COURT:  So, you might want to do that.
14           MR. RUBENSTEIN:  Your Honor, --
15           THE COURT:  Yes, sir?
16           MR. RUBENSTEIN:  -- just for the record, I would note
17   with regard to the $20,000 fine, that Mr. Williams is
18   indigent, has been represented by appointed Counsel and as the
19   Probation Report states, he has never held gainful employment.
20           THE COURT:  Well, he has 25 years to earn some money
21   while he's incarcerated.
22           MR. LANDRIEU:  Thank you, Your Honor.
23           THE COURT:  All right.
24           MR. RUBENSTEIN:  Thank you, Your Honor.
25           MR. LANDRIEU:  Your Honor, also, pursuant to the plea
```

9

1    agreement, the Government would move to dismiss the original
2    indictments and the superseding indictments in this case as
3    the Defendant did plead guilty to a superseding Bill of
4    Information.
5             THE COURT:  All right.  Let them be dismissed.
6             MR. RUBENSTEIN:  And one other thing --
7             THE COURT:  Yes, sir?
8             MR. RUBENSTEIN:  Mr. Williams has recognized that he
9    will likely be incarcerated at a United States penitentiary
10   and asks that the Court recommend that he be incarcerated at
11   the United States penitentiary in Atlanta, Georgia.
12            THE COURT:  Is that because your girlfriend is there?
13            DEFENDANT WILLIAMS:  Yes, Your Honor.
14            THE COURT:  Well, I'm not sure I need to
15   accommodate --
16            DEFENDANT WILLIAMS:  No, I have other family -- other
17   family members in -- family members stay in Atlanta, Georgia,
18   too.
19            THE COURT:  You have what?
20            DEFENDANT WILLIAMS:  I have other family members stay
21   in Atlanta, Georgia, too.
22            THE COURT:  Who is that?
23            DEFENDANT WILLIAMS:  I have aunts that stay out
24   there.  I have aunts and I have two cousins.
25            THE COURT:  Well, I'm going to leave it up to the

10

1  Department of -- Bureau of Prisons. This is a very involved
2  case. There are tremendous number of criminal defendants who
3  need to be separated or kept track of. So, I'm going to leave
4  it up to them. All right.
5           MR. LANDRIEU: Thank you, Your Honor.
6           MR. RUBENSTEIN: Thank you.
7                     *  *  *  *  *
8           (Whereupon, the Sentencing was concluded)

C E R T I F I C A T E

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_Dorothy Bourgeois_  9/28/01
Dorothy M. Bourgeois          Date